## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| |
|---|
| JEFFREY NATHAN SCHIRRIPA, |
| Plaintiff, |
| v. |
| SCOTT GOTTLIEB, M.D., |
| Defendant. |

Case No. 17-cv-1060 (CRC)

## MEMORANDUM OPINION

Pro se plaintiff Jeffrey Schirripa claims to have developed a dietary supplement containing "neuroprotecting antioxidants" derived from cannabis. Compl., ECF No. 1, ¶ 9. The product, which can be administered through a rectal suppository, purports to "protect neurological health." Pl.'s Mot. Judicial Notice Ex. D, ECF No. 21 (sealed), at 11.[1]

In September 2015, Schirripa filed a citizen's petition, under 21 CFR § 10.30, urging the Food and Drug Administration ("FDA") to "protect and utilize" U.S. Patent No. 6630507—a patent held by the Department of Health and Human Services ("HHS") covering potential therapeutic uses of non-psychoactive "cannabinoids." Def.'s Mem. Supp. Mot. Dismiss ("MTD") Ex. 1, ECF No. 14-1 (sealed), at 3. Schirripa explained that the requested action was necessary to enable private industry to develop treatments for "a long list of devastating (and previously untreatable) neurological diseases and injuries." Id. at 7. Simultaneously, Schirripa filed a Premarket Notification of New Dietary Ingredient, under 21 CFR § 190.6, advising the FDA of his intention to manufacture his supposedly breakthrough supplement. Compl. ¶ 9.

---

[1] Schirripa explains the supplement's efficacy thusly: "the more Marijuana you stick up your a\*\* = the more antioxidants that can/will protect your brain." Id. at 5.

After waiting over a year for a response to his citizen's petition and a related settlement proposal that would have given him rights under the patent, see Def.'s MTD Ex. 2, ECF No. 14-2 (sealed), at 4, Schirripa filed this lawsuit in May 2017. The complaint alleges that the agency's failure to respond to his petition within 180 days violated the Administrative Procedures Act ("APA"), 5 U.S.C. § 500 *et seq.* Compl. ¶¶ 1–2. The FDA responded to the petition two months later. See MTD Ex. 3, ECF No. 14-3 (sealed). As relevant here, the agency ruled that it lacked authority to undertake the actions Schirripa sought and declined his settlement proposal. Id. at 2–7. In September 2017, Schirripa filed a petition for reconsideration, which has not been acted upon. See MTD Ex. 4, ECF No. 14-4 (sealed), at 4; MTD Ex. 5, ECF No. 14-5 (sealed), at 2. Schirripa included a sample of his supplement with the reconsideration petition as a "gift" to the FDA Commissioner. MTD Ex. 4 at 6; Pl.'s Mot. Leave to File First Am. Compl Ex. 1 ("Prop. First Am. Compl."), ECF No. 32-1 (sealed), ¶ 13.

Having answered Schirripa's petition, the FDA moved to dismiss his complaint as moot under Federal Rule of Civil Procedure 12(b)(1). See MTD, ECF No. 12, at 7–8. A case becomes moot when "the court can provide no effective remedy because a party has already obtained all the relief that it has sought." Conservation Force, Inc. v. Jewell, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (internal quotations, citation, and alteration omitted). Schirripa concedes that "the Original Complaint became moot when Defendant responded to Plaintiff's Citizen Petition on July 27, 2017." Pl.'s Opp'n MTD, ECF No. 19, at 1. And while he also seeks an order declaring that the FDA unreasonably delayed in responding to his petition, see Compl. at 4, a request for declaratory relief cannot resuscitate an otherwise moot claim. See PETA v. U.S. Fish & Wildlife Serv., 59 F. Supp. 3d 91, 96 (D.D.C. 2014) ("[M]ootness of claim against a specific agency action also moots claims for declaratory relief over those specific agency

actions."). The Court will, accordingly, grant the FDA's motion to dismiss Schirripa's Complaint.

The story does not end there, however. Realizing that the FDA's response to his citizen petition rendered his complaint moot, Schirippa sought leave to file a supplemental complaint under Federal Rule of Civil Procedure 15(d). See Pl.'s Mot. Leave File Suppl. Compl. Ex. 1 ("Prop. Suppl. Compl."), ECF No. 7-1. That rule permits a plaintiff, with the Court's permission, "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). While a motion to supplement is generally "freely granted," BEG Invs., LLC v. Alberti, 85 F. Supp. 3d 13, 23–24 (D.D.C. 2015), it should be denied "as futile if the proposed claim would not survive a motion to dismiss," id. at 24 (quoting Hettinga v. United States, 677 F.3d 471, 480 (D.C. Cir. 2012)). In analyzing whether a proposed supplement would be futile, the Court assesses the proposed change under the same standard applied to a Rule 12(b)(6) motion to dismiss. Id.

The proposed supplemental complaint seeks to add a claim stemming from an alleged "threat of prosecution" by the Department of Justice several years ago. Prop. Suppl. Compl. ¶ 6–7. Schirippa explains that he previously sent a sample of his nutritional supplement to the Attorney General of the United States. Id. ¶ 5. In subsequent litigation in the Court of Federal Claims, a Department of Justice attorney observed in a footnote to a reply brief that the mailing "could be construed as a violation of 21 U.S.C. s 844a [penalties for simple possession of controlled substances] and/or 18 U.S.C. s 1718 [mailing of injurious articles]." Id. ¶ 6; see also Pl.'s Mot. Judicial Notice Ex. B at 7. Schirippa characterizes this observation as a "threat" and claims that his recent provision of another sample to the FDA Commissioner again places him in

jeopardy of prosecution. Prop. Suppl. Compl. ¶¶ 5, 7. He thus seeks to the prevent the federal government from commencing a hypothetical future criminal proceeding against him.

The FDA urges the Court to reject Schirippa's supplemental complaint as futile. MTD at 7–8. The Court agrees: Schirippa's proposed claim is meritless and would not survive a motion to dismiss. First, he fails to identify any cause of action that would support a threat-of-prosecution claim. Second, even assuming such a tort exists and the Court had jurisdiction over it, he has not plausibly alleged any imminent threat of criminal prosecution stemming from DOJ counsel's observation, let alone a threat by the FDA. Finally, it is "well settled" that the remedy Schrippa seeks—an injunction barring future prosecution—is beyond this Court's power to grant. See Miranda v. Gonzales, 173 F. App'x 840, 841 (D.C. Cir. 2006) ("[A] court will not act to restrain a criminal prosecution if the moving party has an adequate remedy at law," such as challenging the indictment itself, "and will not suffer irreparable injury if denied equitable relief.").

Accordingly, the Court will deny Schirripa's motions to supplement and/or amend the complaint based on the alleged threat of prosecution.

That leaves one final matter. Schirripa has filed a number of motions related to his threat-of-prosecution claim. Two such motions are titled "Motion for Judicial Notice." See ECF Nos. 17 (sealed) & 21 (sealed). However titled, these motions do not contain material properly subject to judicial notice; instead, they function as further responses to the FDA's opposition to Schirripa's motion to supplement the complaint. Construing these pro se filings as motions to supplement his responses, the Court will grant the motions and deny as unnecessary Schirripa's request for a hearing on the motions for judicial notice. See Pl.'s Mot. Hearing, ECF No. 29. The Court will also grant Schirrpa's Motion for Leave to File Attachment, see ECF No. 34,

4

which likewise appears to operate as a response to the FDA's opposition.  Finally, because the standard of review for a motion for judgment on the pleadings under Rule 12(c) is "virtually identical" to the standard under Rule 12(b)(6), see Baumann v. District of Columbia, 744 F. Supp. 2d 216, 221 (D.D.C. 2010), the Court will also deny Schirripa's motions for judgment on the pleadings.  See ECF Nos. 24 & 26 (sealed).

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss and denies Plaintiff's three motions to supplement and/or amend the complaint, motion for judgment on the pleadings, supplemental sealed motion for partial judgment on the pleadings, and request for a hearing on the motions for judicial notice.  The Court grants Plaintiff's two sealed motions for judicial notice (as construed above) and motion for leave to file an additional exhibit.  A separate Order shall accompany this Memorandum Opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  September 24, 2018